IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 22-cr-00187-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SHAMBRICA WASHINGTON, and
2. JEAN VICTOR DUMAS

    Defendants.

---

**GOVERNMENT'S NOTICE OF INTENTION TO OFFER
EVIDENCE PURSUANT TO FED.R.EVID. 404(b)**

---

The United States of America, by and through its undersigned counsel, hereby provides notice to the defendants and to the Court of its intention or to offer in its case-in-chief at trial, pursuant to Federal Rule of Evidence 404(b), evidence of the "other crimes, wrongs or acts" for purposes other than to show the character of the defendants and their conformity therewith in the instant case.

The government submits that evidence described in section A, below, is admissible not as evidence of bad acts under Fed.R.Evid. Rule 404(b) but because the acts concern evidence that is intrinsic to the charged conduct in this case.[1] The

---

[1]  The Tenth Circuit has long recognized the distinction between "extrinsic act evidence," the admission of which is subject to the analytical framework of Fed.R.Evid. Rule 404(b), and "intrinsic act evidence," which is not. *See, e.g., United States v. Dougherty*, No. 08-8037, 2009 WL 990526, 321 Fed.Appx. 762, 765 (10th Cir. 2009); *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir.2009); *United States v. James*, No. 06-7072, 2007 WL 521247, 217 Fed.Appx. 776, 780-81 (10th Cir.2007); *Elliot v. Turner Construction Co.*, 381 F.3d 995,

1

government nonetheless hereby provides notice of its intention to offer in its case-in-chief evidence of the those acts and conduct, in order to preserve the opportunity to seek admission of the evidence pursuant to Fed.R.Evid. Rule 404(b), in the event that the Court concludes that the admission of such evidence is governed under Rule 404(b). The offered evidence described under section B, below, is offered under Rule 404(b).

In accordance with Rule 404(b), the government provides the following description of the general nature of evidence which it will or may seek to offer pursuant to Fed.R.Evid. Rule 404(b), which evidence has previously been disclosed or made available to the defendants as part of the government's ongoing pretrial disclosures in this case:

A. <u>Other SBA loan applications by the defendant Shambrica Washington</u>.

Part of the evidence of count 1 will be that on March 31, 2020, Shambrica Washington submitted an online application to the SBA for an Economic Injury Disaster Loan (EIDL) on behalf of a company Piccoli Group dba Tiny Toes and Tiaras (loan no.

---

1004 (10th Cir. 2004). "Generally speaking, '[i]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense.'" *United States v. Parker*, 553 F.2d at 1314 (citations and alterations omitted).

  Intrinsic evidence includes evidence that is *res gestae* of the offense conduct at issue in the case, *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir.1995) or that which is "inextricably intertwined" with or intrinsically related to the charged offense "to the extent that testimony and evidence sought to be admitted would be confusing and incomplete without such evidence," *United States v. Oles*, 994 F.2d 1519, 1522 (10th Cir.1993), or is "part of a single criminal episode." *United States v. James*, 217 Fed.Appx. at 781.

2

xxx4468). Part of the evidence of Count 3 will be that on June 24, 2020, Shambrica Washington submitted an online application to the SBA for an EIDL on behalf of Trueloves Daughters (loan no. xxx8933). Regarding loan no. 4468 a rejection letter was sent dated April 20, 2020, but the loan was later approved and funded. Regarding loan no. 8933 it was declined initially and also later approved. In both instances, Shambrica Washington was in contact with the SBA regarding correcting things in the applications or submitting additional information. There are also references to communications between the SBA and Washington about "duplicate" applications in the SBA Notes to the application files.

The government's theory of the case is that in both of these applications, the defendant made false representations about the gross revenues, costs of goods sold, and her criminal record. In the SBA records relating to both of both of these loans are references to other loans applied for by the same, or related applicant. For example, in the Trueloves Daughters' application there are notations that the Tiny Toes and Tiaras application was made. Also referenced are the applications the government gives this notice of offering as evidence. Those are: (1) an application in the name of Tiny Toes and Tiaras was made (loan appl. no. xx7109) on April 15, 2020; (2) an application in the name of Shambrica Washington was made (loan appl. no. xx0776) on June 19, 2020; and (3) an application in the name of Piccoli Group dba Tiny Toes and Tiaras was made (loan appl. no. xx5025) on June 23, 2020.

    B. <u>Other IRS Form 7200s were submitted by the defendants in Texas.</u>

Defendant Washington is charged in counts 28-30 with making false claims on

IRS Forms 7200 which a business was authorized to use to make a claim for employee retention credits under the CARES Act.   Before moving to Texas, it is alleged, she submitted false Forms 7200 on three occasions on behalf of Tiny Toes and Tiaras and Truelove's Daughters.

After establishing a residence in Texas,   Additional Forms 7200 were filed on behalf of entities tied to the defendants.   Those filings are:

| Date Filed | Quarter | Entity |
|---|---|---|
| 9/30/2021 | 2020 - Q3 | Truelove Daughter's |
| 9/30/2021 | 2021 - Q2 | Truelove Daughter's |
| 9/30/2021 | 2020 - Q2 | Truelove Daughter's |
| 10/5/2021 | 2021 - Q2 | Jazzy Jewels |
| 10/5/2021 | 2021 - Q3 | Jazzy Jewels |
| 10/5/2021 | 2020-Q2 | Jazzy Jewels |
| 10/5/2021 | 2020 - Q3 | Jazzy Jewels |
| 10/5/2021 | 2020 - Q4 | Jazzy Jewels |
| 10/7/2021 | 2021 - Q1 | Ty's Organizer & Design |
| 10/7/2021 | 2021 - Q2 | Ty's Organizer & Design |
| 10/7/2021 | 2021 - Q3 | Ty's Organizer & Design |
| 10/8/2021 | 2021 - Q2 | Kemett LLC |
| 10/8/2021 | 2021 - Q2 | Kemett LLC |
| 10/8/2021 | 2020 - Q2 | Kemett LLC |
| 10/8/2021 | 2020 - Q4 | Kemett LLC |
| 10/9/2021 | 2020-Q3 | Damus Properties |
| 10/9/2021 | 2020 - Q2 | Damus Properties |
| 10/9/2021 | 2020-Q4 | Damus Properties |
| 10/9/2021 | 2021-Q2 | Damus Properties |
| 10/9/2021 | 2021-Q3 | Damus Properties |
| 10/13/2021 | 2021 - Q2 | SL Washington |
| 10/13/2021 | 2020 - Q4 | SL Washington |
| 10/13/2021 | 2020 - Q3 | SL Washington |
| 10/13/2021 | 2020 - Q2 | SL Washington |
| 10/13/2021 | 2021 - Q3 | SL Washington |
| 10/21/2021 | 2021 - Q4 | Truelove's Daughters |

These counts were not charged as there was no venue in Colorado for them.

Some were purportedly by defendant Washington and others were purportedly signed by defendant Damus.   Some had other references to the defendants such as being signed by or prepared by Shay Damus which is name defendant Washington uses on some occasions.

## LEGAL ARGUMENT

Federal Rule of Evidence 404(b) provides:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.   It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident..."

If evidence of the acts described herein by the government could be considered a "bad act" triggering Rule 404(b) analysis, the relative innocence of the act has a bearing on the issue of degree of prejudice under Rule 402, relevance. *See United States v. Henry*, 23 F. Supp.3d 131, 138 (E.D.N.Y. 2014) (prejudicial effect of evidence minimal where prior act is significantly less inflammatory, sensational or inflammatory than the acts charged).

The proper application of Rule 404(b) is evaluated in light of the standards set forth by the Supreme Court in *Huddleston v. United States*, 485 U.S. 681 (1988).   After examining the legislative history of this particular rule, the Court found that the rule was meant to be inclusive rather than exclusive; "Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence."   *Id.* at 688-689. The Tenth Circuit originally proposed this view in *United States v. Nolan*, 551 F.2d 266,

5

271 (10th Cir.), *cert. denied*, 434 U.S. 904 (1977), and reaffirmed it subsequent to *Huddleston*. *See, United States v. Watson, supra; United States v. Record*, 873 F.2d 1363 (10th Cir. 1989). "Rule 404(b) is considered to be an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove *only* criminal disposition." *Watson* at 1235 (emphasis in original) (quoting *United States v. Burgess*, 576 F.3d 1078, 1098 (10th Cir. 2009).

The admissibility of evidence pursuant to Rule 404(b) is governed by the four-prong test set forth in *Huddleston*, which has been adopted by the Tenth Circuit. *See*, *United States v. Watson, supra, United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997); *Orjias v. Stevenson*, 31 F.3d 995, 999 (10th Cir.), *cert. denied*, 513 U.S. 1000 (1994). This test consists of the following factors: (1) that the evidence be offered for a proper purpose under 404(b); (2) that the proffered evidence is considered relevant under Rule 402; (3) the probative value of the evidence must not be substantially outweighed by the potential for unfair prejudice under Rule 403; (4) the trial court shall, upon request, instruct the jury that the evidence is to be considered only for the proper purpose for which it was admitted. *Huddleston*, 485 U.S. at 691-692. *See also*, *United States v. Segien*, 114 F.3d 1014, 1022 (10th Cir. 1997); *United States v. Wacker*, 72 F.3d 1453, 1468 (10th Cir. 1995); *United States v. Brown*, 34 F.3d 569, 572 (7th Cir. 1994), *cert. denied*, 513 U.S. 1167 (1995); and *United States v. Bridwell*, 583 F.2d 1135, 1140 (10th Cir. 1978).

In determining whether the proffered evidence is offered for a proper purpose, the purposes specifically enumerated in Rule 404(b) are intended to be illustrative only

6

and not a listing of all allowable purposes.  *See*, *United States v. Fitzherbert*, 13 F.3d 340 (10th Cir. 1993), *cert. denied*, 511 U.S. 1059 (1994); *United States v. Record*, 873 F.2d 1363 (10th Cir. 1989).   In addition, 404(b) evidence is sometimes mistakenly regarded simply as "similar acts" or "similar transactions".   While "similar transactions" can be a form of 404(b) evidence, admissibility is not limited to them.   Here, the government offers the evidence for a number of purposes including motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In analyzing the question of relevance, it is axiomatic that evidence is relevant "if it makes the existence of any fact at issue more or less probable than it would be without the evidence".  *United States v. Buchanan*, 70 F.3d 818, 831 (5th Cir. 1995) (citing *United States v. Williams*, 900 F.2d 823 (5th Cir. 1990)); *United States v. Turner*, 799 F.2d 627, 630 (10th Cir. 1986).   The final analysis to be performed by the Court is what is referred to as the Rule 403 balancing.   The Court must answer the question of whether the proffered evidence focuses simply on the character of the defendant and whether its probative value is <u>substantially</u> outweighed by its prejudicial effect.   In making this decision, Courts look primarily to the nature of the proffered evidence, its relationship to the crime charged, the remoteness of the evidence and the presence or absence of evidence other than the prior or subsequent acts.   *United States v. Aguilar-Aranceta*, 58 F.3d 796 (1st Cir. 1995); *United States v. Ramirez*, 894 F.2d 565 (2nd Cir. 1990).   Simply complaining that evidence is "prejudicial" is a nonsequitur.   It is not enough simply to show that the evidence is prejudicial as virtually all evidence is prejudicial or it is not material."  *United States v. Clark*, 577 F.3d 273, 288 (5th Cir.

2009).

The decision in *Watson* is a textbook on how the *Huddleston* factors should be applied. There the defendant was convicted of cultivation and distribution of marijuana and conspiracy. The "other crimes" evidence offered by the government was Watson's cultivation and distribution of marijuana with a codefendant nearly ten years prior to the offense charged. Such evidence was offered in the government's case in chief and in rebuttal after the defendant testified. Although the trial court admitted the evidence as intrinsic to the conspiracy, the Circuit affirmed on Rule 404(b) grounds. The court detailed its *Huddleston* findings. First, it concluded the evidence was admissible for a proper purpose – at a minimum to prove knowledge of the drugs' presence and intent to distribute. The second *Huddleston* factor was also found – relevance. The court noted, "[P]rior narcotics involvement is relevant when that conduct is close in time, highly probative and similar to the activity with which the defendant is charged." *Id.* at 1239 (citation omitted). The court found the time differential to not be too remote as it was outweighed by the similarity of the offenses. The third *Huddleston* factor was also met – admissibility under Rule 403, balancing the obvious relevance with unfair prejudice. The court noted Rule 403 favors admission of all relevant evidence and exclusion would be extraordinary to be used sparingly. *Id.* at 1241. The court noted the 404(b) evidence was certainly prejudicial as is all evidence suggesting guilt. However, the court found the evidence not to be *unfairly* prejudicial. *Id.* (emphasis in original). The court found the prior drug involvement clearly probative, and the

admission was not substantially outweighed by any *unfair* prejudice as any prejudice was not unfair.

The government provides this notice to the defendant and the Court under Rule 404(b)(2)(A).

        COLE FINEGAN
        United States Attorney

        By:*s/ Robert Brown*
        ROBERT BROWN
        Assistant United States Attorney
        1801 California St, Suite 1600
        Denver, Colorado 80202
        Telephone: 303-454 0100
        Email: Robert.brown5@usdoj.gov
        Attorney for the government

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February 2023, I electronically filed the foregoing **GOVERNMENT'S NOTICE OF 404(b)** with the Clerk of Court using the CM/ECF system which will transmit the document to opposing counsel and by emailing a copy to defendant Washington at her email addresses of shaydamus@icloud.com and shayferrell@me.com.

        s/ *Robert Brown*
        AUSA Robert Brown
        United States Attorney's Office